# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10CV28-RLV-DSC

| | |
|---|---|
| SHAWN SMITH, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>WAVERLY PARTNERS, LLC, and )<br>ALLIEDBARTON SECURITY )<br>SERVICES LLC d/b/a HRPLUS, )<br>)<br>Defendant. )<br>) | **MEMORANDUM AND<br>ORDER** |

**THIS MATTER** is before the Court on "Defendant AlliedBarton Security Services LLC's Motion to Stay Discovery" (document #42) filed September 21, 2010 and "Defendant Waverly Partners, LLC's Memorandum in Opposition to AlliedBarton Security Services, LLC's Motion to Stay Discovery" (document #43) filed October 4, 2010.

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and is now ripe for the Court's consideration.

Plaintiff filed five claims against Defendant Waverly Partners, LLC ("Waverly") and three claims against AlliedBarton Security Services, LLC ("AlliedBarton"). Plaintiff's claims arise from the allegedly negligent transmission of an authorization for information about her employment status to her employer which informed the employer she was being considered for another position. Plaintiff alleges that this action caused her to lose her job. Waverly moved to dismiss three of Plaintiff's claims against it. In addition, Waverly filed indemnification and contribution cross-claims against AlliedBarton for all five claims and an indemnification claim against AlliedBarton

1

based on its alleged status as Waverly's agent. AlliedBarton moved to dismiss all of Plaintiff's claims and some, but not all, of Waverly's claims for indemnification.

Rule 26(c) of the Federal Rules of Civil Procedure authorizes the court to issue orders establishing an array of limitations on discovery. The scope and conduct of discovery are in the sound discretion of the district court. Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988). An order under Rule 26(c) to stay discovery pending determination of a motion to dismiss is an appropriate exercise of a court's discretion. See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir.1986) ("Nor did the court err by granting the government's motion under Fed.R.Civ.P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion.... Trial courts ... are given wide discretion to control this discovery process ...."), overruled on other grounds, Sheridan v. United States, 487 U.S. 392 (1988); Tilley v. United States, 270 F.Supp.2d 731, 734 (M.D.N.C. 2003), aff'd, 85 F. App'x 333 (4th Cir.2004), cert. denied, 543 U.S. 819 (2004); Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C.1988).

"Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C.1988). Consequently, "a request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case." Id.

Although the discovery is not necessary for resolving Defendants' motions to dismiss, the pending motions will not dismiss all of the claims even if the motions are granted in their entirety. Additionally, the only deposition currently scheduled for this case is a Rule 30(b)(6) deposition of AlliedBarton. Because the actions of AlliedBarton are central to all the claims in the case,

including the ones not subject to the motions to dismiss, the deposition will be necessary regardless of the outcome of the motions. Finally, AlliedBarton filed its Motion to Stay Discovery when written discovery is almost complete. The only pending discovery is the Rule 30(b)(6) deposition of AlliedBarton and responses from Plaintiff to discovery from Waverly. Therefore, the argument that staying discovery would avoid unnecessary expense is not persuasive. Based on these factors, AlliedBarton's Motion to Stay Discovery is DENIED.

The Clerk is directed to send copies of this Order to counsel of record; and to the Honorable Richard L. Voorhees.

**SO ORDERED.**

Signed: October 6, 2010

David S. Cayer
United States Magistrate Judge