IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. : 3:10-CV-28-RLV-DSC

| | |
|---|---|
| SHAWN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **PRETRIAL ORDER AND** |
| v. ) | **CASE MANAGEMENT PLAN** |
| ) | |
| WAVERLY PARTNERS, LLC and ) | |
| ALLIEDBARTON SECURITY ) | |
| SERVICES, LLC d/b/a HRPLUS, ) | |
| ) | |
| Defendants. ) | |

This Pretrial Order & Case Management Plan shall govern this case from the date of filing through discovery, the filing of all motions, mediation or other alternative dispute resolution, and trial.

## I. DISCOVERY

**A. DISCOVERY GUIDELINES**: Discovery in this case is limited as follows: Each party may propound no more than twenty-five (25) interrogatories, including subparts; no more than twenty-five (25) requests for admission, and no take no more than ten (10) depositions of non-expert witnesses.

**B. RULE 26 DISCLOSURES**: The parties shall comply with the requirements of Rule 26(a) in a thorough and timely manner.

**C. RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION**: Every response to an interrogatory or request for admission, and every objection thereto, shall be

preceded by the original number and complete text of the corresponding interrogatory or request for admission.

**D. THE MAINTENANCE OF DISCOVERY MATERIALS**: Discovery materials are to be served on all parties but are <u>NOT</u> to be filed with the Court. *See* L.Cv.R. 26.2. The parties are responsible for the preservation of any and all discovery materials they may generate. L.Cv.R. 26.2.

**E**. **VIDEO DEPOSITIONS**: If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. Failure to do this prior to trial will result in objections being deemed to be waived.

**F**. **PROTECTIVE ORDERS**: Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the Court on the completion of litigation.

**G**. **DISCOVERY COMPLETION**: All discovery shall be complete no later than **December 30, 2011**. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten (10) days prior to scheduled trial time.

**H. EXPERT WITNESSES:** The Plaintiff served her expert witness disclosure on **September 1, 2010**. Defendant shall provide reports from its expert witnesses by **October 30, 2011**. Supplementations per Rule 26(e) shall be due by **November 30, 2011**.

## II. MOTIONS

**A. GOVERNED BY LOCAL RULES.** Unless expressly stated otherwise, the Court's pretrial motions practice is governed by L.Cv.R. 7.1.

**B. MOTIONS DEADLINE**. All motions except motions in limine and motions to continue shall be filed no later than **January 31, 2012**. Parties may not extend this deadline by agreement and stipulated extensions of the completion of discovery do not extend the Motions Deadline.

**C. DISCOVERY DISPUTES**. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

**D. MOTIONS IN LIMINE**. With respect to motions in limine, parties are asked to identify on the face of the motion whether or not the movant contends that, ideally, the motion should be heard prior to *voir dire* and / or opening statements. In the absence of such a request by the movant, the Court may elect to resolve any given motion in limine when the issue arises at trial.

## III. ALTERNATIVE DISPUTE RESOLUTION

**A. METHOD OF ADR.** The method of ADR required to be utilized in this case is **Mediated Settlement Conference**.

**B. ADR DEADLINE.** The deadline for completing ADR and filing a report on the results is in the parties' discretion but shall be completed no later than **November 15, 2011.**

**C. SETTLEMENT PROCEDURES.** If at any time a settlement is reached, it shall be reported immediately to the Court, in writing, together with a realistic target date by which the

3

Case 3:10-cv-00028-RLV-DSC   Document 55   Filed 09/20/11   Page 3 of 8

parties can file a formal Stipulation of Dismissal. Upon written notification of a global settlement, any remaining pretrial deadlines will be suspended, future appearances excused, and the case will be removed from the trial calendar.

### IV.  TRIAL

   A.   **TRIAL DATE**. Trial **with a jury** will be scheduled for the **CHARLOTTE** Trial Term beginning **May 8, 2012 at 9:30 A.M.**  The parties estimate that the total time needed for trial will be approximately three (3) to four (4) days.  Unless peremptorily set by the Court, for purposes of calculating trial deadlines, the day on which the Clerk of Court has set the case for trial is deemed to be the date of Calendar Call.

   B.   **TRIAL SUBPOENAS**:  Counsel must subpoena all witnesses <u>at least fourteen (14) days</u> before the day on which the Clerk of Court has set the case for trial.  The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

   C.   **COUNSEL'S DUTIES PRIOR TO TRIAL**:  <u>At least two full weeks</u> before the day on which the Clerk of Court has set the case for trial, counsel for all parties shall:

   (a)  Discuss the possibility of settlement;

   (b) Exchange copies of exhibits or permit inspection if copying is impractical;

   (c) Submit copies of all exhibits to the courtroom deputy in a format compatible with JERS (*See* "III, H"); and

   (d) Agree upon the issues ultimately to be determined by the jury and file a Proposed Verdict Form with the Court.  If counsel cannot agree on one or more issues, areas of disagreement are to be noted for the Court and submitted along with the parties' respective proposals.

4

(e) Agree upon stipulations of fact and file with the Court. The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

D. **COUNSEL'S FILINGS ONE WEEK BEFORE TRIAL**: At least one full week before the day on which the Clerk of Court has set the case for trial, counsel for each party shall file:

(a) A trial brief addressing all questions of law and any anticipated evidentiary issues;

(b) In all non-jury cases, proposed Findings of Fact and Conclusions of Law; and

(c) Proposed Jury Instructions, as described below.

E. **PROPOSED JURY INSTRUCTIONS**: If a jury trial has been requested, all counsel shall submit proposed jury instructions on all substantive legal issues no later than one week before the day on which the Clerk of Court has set the case for trial. Additional proposed instructions may be submitted during the trial as circumstances may require. Counsel should number each proposed instruction and submit each instruction on a separate page. Each proposed instruction must contain a supporting citation(s) as a footnote. A proposed instruction submitted without supporting adequate legal authority may not be considered. Counsel need not submit introductory or preliminary boilerplate instructions.

F. **JURY VOIR DIRE**: The Court shall engage the array of jurors in some preliminary *voir dire* matters. Counsel will then be given a limited opportunity to conduct additional *voir dire*, subject to the Court's determination of reasonableness and relevance.

G. **COUNSEL'S FILINGS ON THE FIRST DAY OF TRIAL**: No later than the morning of the first day of trial, counsel for each party shall file the following:

(a) A witness list containing the name of every proposed witness;

(b) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

(c) Stipulations concerning the authenticity of as many proposed exhibits as possible; and

(d) An exhibit list.

**H.** **PRESENTATION OF EXHIBITS**

Parties are expected to use presentation technology available in the courtroom to display evidence to the jury. Training on the equipment should be arranged well in advance of trial with the courtroom deputy. (*See* "Courtroom Technology" link on the district website at www.ncwd.uscourts.gov.) Counsel shall provide in electronic format any exhibits of documents, photographs, videos, and any other evidence that may be reduced to an electronic file, for the use of Court personnel and the Court's Jury Evidence Recording System ("JERS") during trial. Documents and photographs shall be in **.pdf**, **.jpg**, **.bmp**, **.tif**, or **.gif** format. Video and audio recordings shall be in **.avi**, **.wmv**, **.mpg**, **.mp3**, **.wma**, or **.wav** format. Each electronic exhibit shall be saved as a separate, independent file, and provided to the Court on a storage device, such as cd, dvd, or flash drive. Exhibit files shall be named consistent with their order and name on the exhibit list. For example:

Exhibit 1 - photograph of ...

Exhibit 2 - contract

Exhibit 3 - video deposition of ...

If counsel for any party intends to tender more than fifteen (15) documentary exhibits, counsel for that party shall prepare <u>one (1) exhibit notebook, or set of notebooks,</u> for the Court's reference in chambers. Each exhibit notebook, shall contain an index listing all of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks.

I. **ASSESSMENT OF JURY COSTS**: Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and <u>per diem</u> fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

## V. <u>SANCTIONS FOR FAILURE TO COMPLY WITH THE PRETRIAL ORDER</u>

Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure ("the Rules").

**SO ORDERED.**

Signed: September 20, 2011

David S. Cayer
United States Magistrate Judge

8