IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:10-CV-28-RLV-DSC

| | |
|---|---|
| SHAWN SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAVERLY PARTNERS, LLC, et al., )<br>)<br>Defendants. )<br>)<br>)<br>) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Leave to Amend" (document #64) filed December 5, 2011, and the parties' associated briefs and exhibits. See documents ##65, 70 and 71.

A detailed discussion of the factual background and procedural history in this matter is contained in the "Order" entered April 29, 2011 by the Honorable Richard L. Voorhees. Document #45 (granting Motions to Dismiss documents ##19, 21, and 28). See also "Order" (document #53) (denying Motion for Reconsideration).

In her present Motion, Plaintiff seeks leave to file a Third Amended Complaint to allege a claim for negligence against Defendant AlliedBarton Security Services, LLC ("AlliedBarton").

Federal Rule of Civil Procedure 15(a)(2) provides that Plaintiff cannot amend her complaint after a responsive pleading has been served without first obtaining leave of Court. While a plaintiff may be given leave to amend a complaint "when justice so requires," Fed. R. Civ. P. 15(a)(2), a district court "has discretion to deny a motion to amend a complaint so long as it does not outright refuse to grant leave without any justifying reason." Equal Rights Ctr. v. Niles Bolton Assocs., 602

F.3d 597, 603 (4th Cir. 2010). According to the Fourth Circuit Court of Appeals, "a district court does not abuse its discretion in denying leave to amend if there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment." Howard v. Inova Healthcare Servs., 302 F. App'x 166, 181 (4th Cir. 2008) (internal quotations omitted).

It is well-established in this circuit that a plaintiff should amend her complaint as soon as possible. Deasy v. Hill, 833 F.2d 38, 41 (4th Cir. 1987) ("a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A party who delays in seeking an amendment is acting contrary to the rule.") (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1488 (1971)). Where a plaintiff fails to amend her complaint as soon as the necessity becomes apparent, the Fourth Circuit has held that the amendment may be denied as prejudicial. See Howard, 302 F. App'x at 181 (denying plaintiff's motion to amend where he was aware of claim for almost a year before filing his motion to amend); Glaser v. Enzo Biochem, Inc., 464 F.3d 474, 480 (4th Cir. 2006) ("Plaintiffs had an unprecedented thirteen months of unilateral pre-complaint discovery … and had already set forth four iterations of their complaint … plaintiffs many opportunities to present their claim warranted denial of the motion to amend."); Marsh v. W.R. Grace Co., 80 F. App'x 883, 889 (4th Cir. 2000) (plaintiff could not amend motion to assert new claims that had been available for several years); Chaundry v. Gallerizzo, 174 F.3d 394, 404 (4th Cir. 1998) (denying plaintiffs' motion to amend because they could have included their new claim in their previously-filed second amended complaint, but failed to do so).

As stated in Section I.A. of Defendant AlliedBarton's brief, allowing Plaintiff to file a Third Amended Complaint three weeks before the close of discovery will cause undue prejudice. As the Fourth Circuit held in Deasy, "[t]he original complaint led defendant to believe that plaintiff did not

2

claim negligent performance, and defendant could quite sensibly have decided not to commit [its] resources to a shadowy claim that plaintiff may or may not have been serious about raising." Deasy, 833 F.2d at 41 (emphasis in original).

Plaintiff has had more than ample opportunity to cure defects in her pleadings, but failed to do so. In total, Plaintiff has alleged ten different theories of liability against Defendant AlliedBarton, all of which have been dismissed. Plaintiff's claims have been asserted as to the Defendant, amended, analyzed in a motion to dismiss and dismissed with prejudice, and rejected again upon reconsideration by the Court. Her request for leave to restart this process against AlliedBarton with yet another theory of liability is untimely and unduly prejudicial to AlliedBarton.

**FOR THIS REASON, IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion for Leave to Amend" (document #64) is **DENIED**.

2. The Clerk of Court is directed to send copies of this Order to the parties' counsel; and to the Honorable Richard L. Voorhees.

**SO ORDERED**.                                    Signed: January 17, 2012

_____
David S. Cayer
United States Magistrate Judge