## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil Action No.:  03:10CV00028

SHAWN SMITH,

    Plaintiff,

        v.

WAVERLY PARTNERS, LLC, and
ALLIEDBARTON SECURITY SERVICES,
LLC d/b/a HRPLUS,

    Defendants.

**PLAINTIFF'S AMENDED PROPOSED
JURY INSTRUCTIONS**

       Plaintiff, Shawn Smith ("Plaintiff"), hereby amends the instructions previously submitted

to the Court as instructions to the jury at the trial of this action.

       This the 5th day of September, 2012.

            **MALONEY LAW & ASSOCIATES, PLLC**

            /s/ Margaret Behringer Maloney
            Margaret Behringer Maloney, N.C. Bar No. 13253
            Tamara L. Huckert, N.C. Bar No. 35348
            1824 7th Seventh Street
            Charlotte, NC 28204
            mmaloney@maloneylegal.com
            thuckert@maloneylegal.com
            Telephone:  704-632-1622
            Facsimile:  704-632-1623
            *Attorneys for Plaintiff Shawn Smith*

1

## INDEX OF PROPOSED JURY INSTRUCTIONS

**CLAIMS AND DEFENSES 3**
**PROVINCE OF JUDGE AND JURY      4**
**NOTETAKING—PERMITTED   5**
**NO TRANSCRIPT AVAILABLE TO JURY      6**
**EVIDENCE IN THE CASE 7**
**WHAT IS NOT EVIDENCE      9**
**RULING ON OBJECTIONS      10**
**DISMISSAL OR DISCONTINUANCE AS TO SOME DEFENDANTS      11**
**CONSIDERATION OF THE EVIDENCE – CORPORATE PARTY'S AGENTS AND EMPLOYEES      12**
**QUESTIONS NOT EVIDENCE   13**
**PREPONDERANCE OF THE EVIDENCE      14**
**"DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE DEFINED      15**
**INFERENCES      16**
**EXPERT WITNESS 17**
**EVIDENCE ADMITTED FOR A LIMITED PURPOSE ONLY      18**
**CHARTS AND SUMMARIES      19**
**NUMBER OF WITNESSES      20**
**CREDIBILITY OF WITNESSES  21**
**USE OF DEPOSITIONS AS EVIDENCE 22**
**DISCREPANCIES IN TESTIMONY      23**
**EFFECT OF PRIOR INCONSISTENT STATEMENTS OR CONDUCT      24**
**JURY PROCEDURES      25**
**DUTY TO DELIBERATE  26**
**COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS  27**
**DEFINITION OF BREACH OF CONTRACT   28**
**ISSUE OF MEANING OF AMBIGUOUS LANGUAGE 29**
**AMBIGUOUS LANGUAGE CONSTRUED AGAINST THE DRAFTER      31**
**BREACH OF CONTRACT--DAMAGES 32**
**CONTRACTS – CONSEQUENTIAL DAMAGES 33**
**CONTRACTS - DAMAGES MANDATE 324**
**CONTRACTS – DEFENSE (OFFSET) FOR FAILURE TO MITIGATE      355**
**EMPLOYMENT RELATIONSHIP – MITIGATION OF DAMAGES 37**
**AGENCY – ACTUAL AND APPARENT AUTHORITY OF GENERAL AGENT   38**
**BURDEN OF PROOF WHERE SOME JURORS HAVE SERVED ON JURY IN CRIMINAL CASE   40**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1
CLAIMS AND DEFENSES**

The positions of the parties can be summarized as follows:

1.     Plaintiff Shawn Smith claims that Defendant Waverly Partners, LLC breached the Disclosure and Consent Form contract by exceeding Plaintiff's authorization and consent.

Defendant Waverly Partner's LLC denies this claim.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:           _____

REFUSED:        _____

MODIFIED:       _____

3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.03 (5th ed., updated 2012).
Second Amended Compl. ¶¶ 20-24; 84-91.
Answer of Waverly Partners, LLC to Second Amended Compl. ¶¶ 20-24; 84-91.

3

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2**
**PROVINCE OF JUDGE AND JURY**

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.


_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:              _____

REFUSED:          _____

MODIFIED:        _____


3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.10 (5th ed., updated 2012).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3
## NOTETAKING—PERMITTED

During this trial, I will permit you to take notes. You are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:            _____

REFUSED:        _____

MODIFIED:      _____

3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.15 (5th ed., updated 2012).

5

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4
## NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you remember about the evidence. You will not have a written transcript to read, and it is difficult and time-consuming for the reporter to *[read] [play]* back testimony. I urge you to pay close attention to the testimony as it is presented at the trial.


_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:          _____

REFUSED:      _____

MODIFIED:    _____


3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.20 (5th ed., updated 2012).

Case 3:10-cv-00028-RLV-DSC   Document 94   Filed 09/05/12   Page 6 of 41

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5
## EVIDENCE IN THE CASE

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that *[certain facts are true] [that a person would have given certain testimony]*. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

_____

Richard L. Voorhees

UNITED STATES DISTRICT COURT JUDGE

GIVEN:        _____

REFUSED:        _____

MODIFIED:        _____


3 Kevin F. O'Malley, Federal Jury Practice and Instructions § 101.40 (5th ed., updated 2012).

Case 3:10-cv-00028-RLV-DSC   Document 94   Filed 09/05/12   Page 8 of 41

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6**
**WHAT IS NOT EVIDENCE**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.44 (5th ed., updated 2012).

9

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7
## RULING ON OBJECTIONS

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side believes the question or exhibit is not admissible under the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.


_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:           _____

REFUSED:        _____

MODIFIED:      _____


3 Kevin F. O'Malley, Federal Jury Practice and Instructions § 101.49 (5th ed., updated 2012).

Case 3:10-cv-00028-RLV-DSC   Document 94   Filed 09/05/12   Page 10 of 41

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8**
**DISMISSAL OR DISCONTINUANCE AS TO SOME DEFENDANTS**

The disputes between Shawn Smith and AlliedBarton Security Services, LLC and between Waverly Partners, LLC and AlliedBarton Security Services, LLC are no longer a part of this trial. You should not concern yourself with these disputes, but should consider the issues between Shawn Smith and Waverly Partners, LLC in accordance with my instructions and the evidence in the case.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:          _____

REFUSED:       _____

MODIFIED:      _____


3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.15 (5th ed., updated 2012).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9**
**CONSIDERATION OF THE EVIDENCE – CORPORATE PARTY'S AGENTS AND**
**EMPLOYEES**

       A corporation may act only through natural persons who are its agents or employees. Generally, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.31 (5th ed., updated 2012).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10**
**QUESTIONS NOT EVIDENCE**

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.34 (5th ed., updated 2012).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11**
**PREPONDERANCE OF THE EVIDENCE**

Plaintiff Shawn Smith has the burden in a civil action, such as this, to prove every essential element of Plaintiff's claim by a preponderance of the evidence or the greater weight of the evidence. If Plaintiff Shawn Smith should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for the Defendant Waverly Partners, LLC as to that claim.

"Establish by a preponderance of the evidence" or "establish by the greater weight of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probably than not. In other words, a preponderance of the evidence or the greater weight of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence or the greater weight of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

3 Kevin F. O'Malley, Federal Jury Practice and Instructions § 104.01 (5th ed., updated 2012).

14

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12**
**"DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE DEFINED**

"Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect" or "circumstantial evidence" is proof of a chain of facts and circumstances indicated by the existence or nonexistence of a fact. You should consider both kinds of evidence. The law generally makes no distinction between the weight to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:         _____

REFUSED:      _____

MODIFIED:    _____

3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 104.05 (5th ed., updated 2012).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13**
**INFERENCES**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:          _____

REFUSED:       _____

MODIFIED:      _____

3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 104.20 (5th ed., updated 2012).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14
## EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's is outweighed by other evidence, you may disregard the opinion entirely.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:            _____

REFUSED:        _____

MODIFIED:      _____

3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 104.40 (5th ed., updated 2012).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15**
**EVIDENCE ADMITTED FOR A LIMITED PURPOSE ONLY**


Sometimes evidence may be admitted concerning only a particular party or only for a particular purpose and not generally against all parties or for all purposes. For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.


_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____


3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 104.42 (5th ed., updated 2012).

18

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16**
**CHARTS AND SUMMARIES**

Charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

The charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 104.50 (5th ed., updated 2012).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17
## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 104.54 (5th ed., updated 2012).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18**
**CREDIBILITY OF WITNESSES**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.43 (5th ed., updated 2012).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 19**
**USE OF DEPOSITIONS AS EVIDENCE**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:          _____

REFUSED:       _____

MODIFIED:     _____

3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 105.02 (5th ed., updated 2012).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20**
**DISCREPANCIES IN TESTIMONY**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:            _____
REFUSED:        _____
MODIFIED:      _____

3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 105.01 (5th ed., updated 2012).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21
## EFFECT OF PRIOR INCONSISTENT STATEMENTS OR CONDUCT

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.


_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:              _____

REFUSED:           _____

MODIFIED:          _____


3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 105.09 (5th ed., updated 2012).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22**
**JURY PROCEDURES**

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone--including me--how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 103.50 (5th ed., updated 2012).

25

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23**
**DUTY TO DELIBERATE**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 106.01 (5th ed., updated 2012).

Case 3:10-cv-00028-RLV-DSC   Document 94   Filed 09/05/12   Page 26 of 41

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24**
**COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S**
**DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person--not even to me--how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

3 KEVIN F. O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 106.08 (5th ed., updated 2012).

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25
## DEFINITION OF BREACH OF CONTRACT[1]

This issue reads:

"Did Waverly Partners, LLC breach its Agreement with Shawn Smith?"

The burden of proof on this issue is on the Plaintiff Shawn Smith. This means that the Plaintiff Shawn Smith must prove, by the greater weight of the evidence, that the Agreement was breached by Defendant Waverly Partners, LLC.

A breach of contract is a violation or nonfulfillment of the obligations, agreements or duties imposed by the contract.[2]

A breach of contract may occur when a party fails to abide by a material term of the contract. A material term is one that is essential to the transaction, that is, a term which, if omitted or modified, would cause one of the parties to withhold assent or to bargain for a substantially different term. Not every term in a contract is material. A party's failure to abide by a term that is not material is not a breach of contract. In determining whether a term is material, you may consider the following factors:

- the subject matter and purpose of the contract;
- the intentions of the parties;
- the scope of performance reasonably expected by each party; and,
- any custom, practice, or usage so commonly known to other reasonable persons, in similar situations, that the parties knew or should have known of its existence.

In this case the Plaintiff Shawn Smith contends, and the Defendant Waverly Partners, LLC denies, that Defendant Waverly Partners, LLC failed to abide by a material term of the Agreement.

Finally, as to issue one on which the Plaintiff Shawn Smith has the burden of proof, if you find by the greater weight of evidence that Defendant Waverly Partners, LLC breached the contract, it would be your duty to answer this issue "Yes" In favor of the Plaintiff Shawn Smith.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____
[1] N.C.P.I. Civil 502.00 (2011) - modified.
[2] *McCurry v. Purgason*, 170 N.C. 463 (1915); *Buffkin v. Baird,* 73 N.C. 283 (1875); *Cook v. Lawson,* 3 N.C. App. 104 (1968).

28

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26
## ISSUE OF MEANING OF AMBIGUOUS LANGUAGE

The burden of proof on the issue of whether Defendant Waverly Partners, LLC breached its contract with Plaintiff Shawn Smith by exceeding the scope of the authorization and consent is on the Plaintiff Shawn Smith.

Where the terms of a contract leave doubt as to its meaning and are subject to more than one interpretation, the jury must decide what the parties intended those words to mean.[1] An ambiguity exists in a contract if the language of a contract is fairly and reasonably susceptible to either of the constructions asserted by the parties; thus, if there is any uncertainty as to what the agreement is between the parties, a contract is ambiguous.[2] In making this determination you are to consider all the evidence put forth on the question including subject matter, the end in view, the purpose sought, and the situation of the parties at the time.[3]

[Here summarize the evidence on this issue.]

So I finally instruct you on this issue that if you find by the greater weight of the evidence that the parties intended that the language in the Disclosure and Consent authorized contact with The Cato Corporation on December 5, 2007 while Plaintiff Shawn Smith was employed at The Cato Corporation, then you must consider whether Waverly Partners, LLC breached the authorization and consent. The language in the Disclosure and Consent is as follows:

> As part of the process of determining your eligibility for employment with a client of Waverly Partners, LLC (the "Company"), the Company may conduct an investigation of your background, past employment, education, professional licenses, criminal record, civil litigation, references, character, and motor vehicle record (if applicable) by obtaining a consumer reports from a consumer reporting agency of its choice.
>
> Several consumer reports may be obtained on you for purposes of determining your eligibility for employment with a client of the Company. The reports may be "investigative consumer reports" that includes information as to your character, general reputation, personal characteristics, and mode of living obtained through personal interviews with neighbors, friends, or associates or with others who may have knowledge of this information…

On the other hand, if you find that the language in the Disclosure and Consent authorized Defendant Waverly Partners, LLC to contact The Cato Corporation on December 5, 2007 while Plaintiff Shawn Smith was employed at The Cato Corporation, then you would answer the issue of whether Defendant Waverly Partners, LLC breached their contract with Plaintiff Shawn Smith "No."

---

[1] *Mosley & Mosley Builders, Inc. v. Landin Ltd.*, 361 S.E.2d 608, 612, 87 N.C. App. 438, 444-45 (1987).
[2] *Crider v. Jones Island Club, Inc.*, 554 S.E.2d 863, 866-67, 147 N.C. App. 262, 267 (2001).
[3] *Mosley & Mosley Builders, Inc. v. Landin Ltd.*, 361 S.E.2d 608, 613, 87 N.C. App. 438, 445 (1987).

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27**
**AMBIGUOUS LANGUAGE CONSTRUED AGAINST THE DRAFTER**

Where the intended meaning of a contract term cannot be ascertained with certainty, ambiguous terms should be construed against the party who prepared the writing and in favor of the party who did not prepare the writing.[1]   Therefore, if you find that Defendant Waverly Partners, LLC prepared the Agreement, you may interpret the ambiguous portion against Defendant Waverly Partners, LLC and in favor of Plaintiff Shawn Smith.

On the other hand, if you find that Defendant Waverly Partners, LLC did not draft the Disclosure and Consent, you may not interpret the ambiguous portion against Defendant Waverly Partners, LLC.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:          _____

REFUSED:       _____

MODIFIED:      _____

---

[1] *Gaskill v. Jeanette Enterprises, Inc.*, 554 S.E.2d 10 (N.C. Ct. App. 2001), *review denied*, 2002 WL 236626 (N.C. 2002); *see also Adder v. Holman & Moody, Inc.*, 219 S.E.2d 190, 196, 288 N.C. 484, 492 (1975).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 28
## BREACH OF CONTRACT--DAMAGES[1]

This issue reads:

"What amount of damages is Plaintiff Shawn Smith entitled to recover from Defendant Waverly Partners, LLC as a result of its breach of the Agreement?"

If you have answered "Yes" to the issue of whether Defendant Waverly Partners, LLC breached the Agreement with Plaintiff Shawn Smith, then Plaintiff Shawn Smith is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage resulting from the breach.

The Plaintiff may also be entitled to recover actual damages. On this issue, the burden of proof is on the Plaintiff Shawn Smith to show by the greater weight of the evidence the amount of actual damages sustained as a result of the breach. Actual damages are the fair compensation to be awarded to a person for any economic injury resulting from a breach of contract.

A person damaged by a breach of contract is entitled to be placed, insofar as this can be done by money, in the same position it would have occupied if there had been no breach of the contract.

In determining the amount, if any, you award the Plaintiff Shawn Smith, you will consider the evidence you heard as to her direct damages and consequential damages.

I will now explain the law of damages as it relates to each of these.

Direct damages are the economic losses that usually or customarily result from a breach of contract. In this case, you will determine direct damages, if any, Plaintiff sustained.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29

_____
[1] N.C.P.I. Civil 503.06 (2011); 503.09 (2011) – modified, 503.54 (2011) – modified.

Case 3:10-cv-00028-RLV-DSC   Document 94   Filed 09/05/12   Page 32 of 41

# CONTRACTS – CONSEQUENTIAL DAMAGES[1]

To the amount of direct damages add all consequential damages, if any, sustained by the plaintiff.

Consequential damages include any loss resulting from the Plaintiff Shawn Smith's circumstances of which the Defendant Waverly Partners, LLC knew or should have known at the time the parties entered into the contract, and which the Plaintiff Shawn Smith could not reasonably have prevented.

In this case, the Plaintiff Shawn Smith contends, and the Defendant Waverly Partners, LLC denies, that the Plaintiff Shawn Smith sustained the following consequential damages: lost wages and benefits, including stock options, 401(k), and bonuses, interest from the date of breach, and costs of this action.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:              _____

REFUSED:         _____

MODIFIED:       _____

---

[1] N.C.P.I. Civil 503.73 (2011).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30**
**CONTRACTS - DAMAGES MANDATE[1]**

The plaintiff's damages are to be reasonably determined from the evidence presented. The plaintiff is not required to prove with mathematical certainty the extent of the financial injury in order to recover damages. Thus, the plaintiff should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. However, an award of damages must be based on evidence which shows the amount of the plaintiff's damages with reasonable certainty. You may not award any damages based upon mere speculation or conjecture.

Finally, as to issue number 2 on which Plaintiff Shawn Smith has the burden of proof, if you find by the greater weight of the evidence the amount of damages sustained by Plaintiff Shawn Smith by reason of Defendant Waverly Partners, LLC's breach of contract, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

_____
[1] N.C.P.I. CIVIL 503.79 (2011).

34

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 31**
**CONTRACTS – DEFENSE (OFFSET) FOR FAILURE TO MITIGATE[1]**

The (*state number*) issue reads:

"Is Waverly Partners, LLC entitled to a credit against the damages owed to Shawn Smith as a result of Shawn Smith's failure to use ordinary care to mitigate the consequences of Waverly Partners, LLC's breach?"

You will answer this issue only if you have answered the second issue in favor of the Plaintiff Shawn Smith.

On this issue the burden of proof is on Defendant Waverly Partners, LLC. This means that Defendant Waverly Partners, LLC must prove, by the greater weight of the evidence, two things:

First, that the plaintiff failed to use ordinary care to mitigate the damages sustained by her as a result of the defendant's breach of contract. Upon the occurrence of a breach of contract, the law imposes upon the non-breaching party a duty to use ordinary care to minimize or avoid the damages resulting from such breach. Ordinary care means that degree of care which a reasonable and prudent person would use under the same or similar circumstances to mitigate the adverse consequences of the breach. Once the breach of contract becomes definite and known to a party, he must take such steps as fair and reasonable prudence would require to reduce the damage.

Second, that, as a result of the plaintiff's failure to use ordinary care to mitigate, certain damages that the plaintiff could have minimized or avoided were not minimized or avoided. The opportunity to mitigate damages must be a reasonable one. The non-breaching party is not required to make more than a reasonable exertion or to undertake more than a reasonable expense.

In this case, the Defendant Waverly Partners, LLC contends, and the Plaintiff Shawn Smith denies, that the Plaintiff Shawn Smith failed to use ordinary care to mitigate damages in one or more of the following ways:

(*Read all contentions of failure to use ordinary care supported by the evidence.*)

The Defendant Waverly Partners, LLC further contends, and the Plaintiff Shawn Smith denies, that, as a result of the Plaintiff Shawn Smith's failure to use ordinary care, certain damages Shawn Smith could have minimized or avoided were not minimized or avoided.

Finally, as to the (*state number*) issue on which the Defendant Waverly Partners, LLC has the burden of proof, if you find by the greater weight of the evidence that the Defendant Waverly Partners, LLC is entitled to a credit against the damages owed to the Plaintiff Shawn Smith as a result of her failure to use ordinary care to mitigate the consequences of the

---

[1] N.C.P.I. CIVIL 503.90 (2011).

Defendant Waverly Partners, LLC's breach, then it would be your duty to answer this issue "Yes" in favor of the Defendant Waverly Partners, LLC.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the Plaintiff Shawn Smith.


_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32
## EMPLOYMENT RELATIONSHIP – MITIGATION OF DAMAGES[1]

This issue reads:

"By what amount, if any, should the Shawn Smith's actual damages be reduced?"

You are to answer this issue only if you have awarded Plaintiff Shawn Smith actual damages in the preceding issue.

On this issue the burden of proof is on Defendant Waverly Partners, LLC. This means that Defendant Waverly Partners, LLC must prove, by the greater weight of the evidence, by what amount, if any, Plaintiff Shawn Smith's actual damages should be reduced.

The plaintiff's actual damages must be reduced by the amount which the plaintiff, with reasonable diligence, could have earned from similar employment in the same locality. Reasonable diligence does not require that an employee seek or accept just any available employment. Rather, reasonable diligence requires that an employee seek and accept similar employment in the same locality.

Finally, as to this issue on which the Defendant Waverly Partners, LLC has the burden of proof, if you find by the greater weight of the evidence that the Plaintiff Shawn Smith's actual damages should be reduced under the rules I have explained to you, then you will answer this issue in favor of the Defendant Waverly Partners, LLC by writing the amount of that reduction in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue in favor of the Plaintiff Shawn Smith by writing the word "None" in the blank space provided.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____

[1] N.C.P.I. CIVIL 640.32 (2011).

Case 3:10-cv-00028-RLV-DSC   Document 94   Filed 09/05/12   Page 37 of 41

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33
### AGENCY – ACTUAL AND APPARENT AUTHORITY OF GENERAL AGENT[1]

This (*state number*) issue reads:

"Was Van Ella, Inc. authorized to conduct a background investigation of Shawn Smith on behalf of the Defendant Waverly Partners, LLC?"

The burden of proof on this issue is on the Plaintiff Shawn Smith. This means that Plaintiff Shawn Smith must prove that in conducting the background investigation of Plaintiff Shawn Smith, Van Ella, Inc. was acting within the scope of its actual authority from Waverly Partners, LLC.

All of the evidence shows that Defendant Waverly Partners, LLC selected and contracted with VanElla, Inc. to conduct a background investigation of Plaintiff Shawn Smith. In this situation the relationship between VanElla, Inc. and Defendant Waverly Partners, LLC is called an "agency." An agency is a relationship where one person is empowered to take certain action on behalf of the other person. In such situations the person granting the authority to another to act on its behalf is called the "principal." And the person who is authorized to act on behalf of such principal is called the "agent." When an agent acts on behalf of its principal, then the principal is bound by such act, so long as the agent has not exceeded its authority. The act of the agent is treated in law as the act of the principal. However, a principal is not bound by the act of an agent unless that act falls within the scope of authority, actual or apparent, granted by the principal to the agent. In order to determine the authority of an agent, it is necessary to look to the conduct and declarations of the principal. An agent may not extend its authority by its own conduct standing alone and in the absence of conduct or acquiescence on the part of the principal.

"Actual authority" refers to a situation where the principal has actually authorized the agent to act on the principal's behalf with respect to a particular matter. Actual authority may be granted by the principal by word of mouth, or by writing, or it may be implied by conduct of the principal amounting to consent or acquiescence, or by the nature of the work that the principal has entrusted to the agent. When the agent acts on behalf of its principal and within the scope of this authority, the principal is bound even though he may not have intended to authorize the specific acts in question.

So, finally, I instruct you on this (*state number*) issue on which Plaintiff Shawn Smith has the burden of proof, that if you find by the greater weight of the evidence that Defendant Waverly Partners, LLC, by contract granted VanElla, Inc. actual authority which included the authority to conduct a background investigation of Plaintiff Shawn Smith, then it would be your duty to answer this issue, "yes," in favor of Plaintiff Shawn Smith.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue, "no," in favor of Defendant Waverly Partners, LLC.

---

[1] N.C.P.I. CIVIL 516.05 (2011) - modified.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34**
**BURDEN OF PROOF WHERE SOME JURORS HAVE SERVED ON JURY IN**
**CRIMINAL CASE**

Those of you who have participated in criminal cases will have heard of "proof beyond a reasonable doubt." The standard of proof in a criminal case is a stricter standard, requiring more proof than a preponderance of evidence *[or the clear and convincing standard]*. The reasonable doubt standard does not apply to a civil case and you should put that standard out of your mind.

_____
Richard L. Voorhees
UNITED STATES DISTRICT COURT JUDGE

GIVEN: _____

REFUSED: _____

MODIFIED: _____

3 Kevin F. O'Malley, Federal Jury Practice and Instructions § 104.03 (5th ed., updated 2012).

Case 3:10-cv-00028-RLV-DSC   Document 94   Filed 09/05/12   Page 40 of 41

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing **PLAINTIFF'S AMENDED PROPOSED JURY INSTURCTIONS** with the Clerk of Court using the CM/ECF system, which will send the notice of electronic filing to the following:

Mr. Kenneth R. Raynor
N.C. Bar No. 10488
Templeton & Raynor, P.A.
1800 East Boulevard
Charlotte, NC 28203
ken@templetonraynor.com
Phone:  704-344-8500
Facsimile:  704-344-8555
*Attorneys for Waverly Partners, LLC*

Mr. David L. Levy
N.C. Bar No. 34060
Hedrick Gardner Kincheloe & Garafalo, LLP
P.O. Box 30397
Charlotte, NC 28230
dlevy@hedrickgardner.com
Phone:  704-319-5426
Facsimile:  704-602-8178
*Local Counsel for AlliedBarton Security Services, LLC d/b/a HRPlus*

Mr. Frederick T. Smith, Georgia Bar No. 657575
Mr. Jeff Sand
Seyfarth Shaw LLP
1545 Peachtree Street, N.E., Ste. 700
Atlanta, GA  30309-2401
Phone:  404-885-1500
Facsimile:  404-892-7056
fsmith@seyfarth.com
jsand@seyfarth.com
*Lead Counsel for Defendant AlliedBarton Security Services LLC d/b/a HRPlus*
*Admitted Pro Hac Vice*

This the 5th day of September, 2012.

**MALONEY LAW & ASSOCIATES, PLLC**

/s/ Margaret Behringer Maloney
Margaret Behringer Maloney, N.C. Bar No. 13253
Tamara L. Huckert, N.C. Bar No. 35348
1824 East Seventh Street
Charlotte, NC 28204
mmaloney@maloneylegal.com
thuckert@maloneylegal.com
Telephone:  704-632-1622
Facsimile:  704-632-1623
*Attorneys for Plaintiff Shawn Smith*

41