IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:10-CV-00028-RLV-DSC

SHAWN SMITH,

    Plaintiff,

v.

WAVERLY PARTNERS, LLC, and
ALLIEDBARTON SECURITY
SERVICES, LLC d/b/a HRPLUS,

    Defendants.

MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on Defendant Waverly Partners, LLC's ("Waverly's") Motion to Amend (Doc. 85), filed August 30, 2012, and Plaintiff Shawn Smith's Motion in Limine to Exclude Evidence (Doc. 100), filed September 7, 2012.

Within its Motion to Amend, Defendant Waverly seeks leave to amend its Answer to include the affirmative defense of election of remedies. "The purpose of the doctrine of election of remedies is not to prevent recourse to any remedy, but to prevent double redress for a single wrong." *Smith v. Gulf Oil Corp.*, 79 S.E.2d 880, 885 (N.C. 1954). The underlying basis of the rule is "the maxim which forbids that one shall be twice vexed for one and the same cause." *Id.* "The clearest remedial dimension of election doctrine is found in decisions that simply seek to prevent double recovery for a single injury." *Artis v. Norfolk & W. Ry. Co.*, 204 F.3d 141, 143 (4th Cir. 2000) (citing 18 Wright & Miller, *Federal Practice & Procedure* § 4476, at 775 (1981)).

Plaintiff's past claim of employment discrimination against her former employer, The

1

Cato Corporation, and instant claim of breach of contract are not legally inconsistent and entail variant wrongs (namely, unlawfully disparate treatment by a qualifying employer and harm caused by the contractual breach), though the Court acknowledges that an award of damages in this case could overlap with the Plaintiff's Title VII settlement. Therefore, an assertion of the doctrine of election of remedies to bar Plaintiff's instant claim would be futile, and Defendant Waverly's Motion is denied. However, to the extent Plaintiff's Title VII settlement compensates for lost wages, Defendant is entitled to argue for an offset of that amount against the wages-based damages sought in the instant case.

The question remains, however, as to whom Defendant is so entitled to argue. Federal Rule of Evidence 408 provides that evidence of a settlement offer, negotiation, or agreement is "not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount." The pertinent primary rationale underlying this rule is that exclusion of an offer to compromise or acceptance of an offer promotes the public policy of encouraging dispute settlements. Courts are split as to whether Rule 408 bars admission of evidence from a settlement between a plaintiff and a third party to calculate a claim for damages against a defendant who was not a party to the original suit in which the settlement occurred.

Some have held that Rule 408 bars evidence from a party's settlement with a third party. *See, e.g.*, *Portugues-Santana v. Rekomdiv Int'l*, 657 F.3d 56, 63 (1st Cir. 2011) ("Instead of allowing the settlement into evidence, the court should have examined the [third-party] settlement agreement itself and 'deduct[ed] the amount that [the plaintiff] ha[d] already received from any judgment.'" (quoting *McHann v. Firestone Tire & Rubber Co.*, 713 F.2d 161, 166 n.10

2

(5th Cir. 1983))); *Banker v. Nighswander, Martin & Mitchell*, 37 F.3d 866, 872 (2d Cir. 1994) (noting that the plaintiff could not rely upon his settlement amount with third parties when calculating malpractice damages against his former attorney because they are inadmissible under Rule 408); *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1069 (5th Cir. 1986) ("Even where the evidence offered favors the settling party and is objected to by a party not involved in the settlement, Rule 408 bars the admission of such evidence unless it is admissible for a purpose other than 'to prove liability for or invalidity of the claim or its amount.'"); *Hudspeth v. C.I.R.*, 914 F.2d 1207, 1213 (9th Cir. 1990) ("Rule 408 does apply to situations where the party seeking to introduce evidence of a compromise was not involved in the original compromise."). In this context, the Rule is often invoked to bar the admission of agreements between a party and a third party to compromise a claim arising out of the same transaction as the one being litigated. *See Armstrong v. HRB Royalty, Inc.*, 392 F. Supp. 2d 1302, 1306 (S.D. Ala. 2005) (describing the "same transaction" test). Such courts stress that the aforementioned policy favoring out-of-court settlements necessitates the inadmissibility of negotiations in order to foster frank discussion.

Others have suggested that Rule 408 does not bar the introduction of settlement agreements regarding claims other than that being litigated. *See, e.g.*, *Uforma/Shelby Bus. Forms, Inc. v. N.L.R.B.*, 111 F.3d 1284, 1293–94 (6th Cir. 1997) (". . . Rule 408 only bars the use of compromise evidence to prove the validity or invalidity of the claim that was the subject of the compromise, not some other claim." (quoting 23 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure: Evidence* § 5314 (1st ed. 1980))); *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 770 (10th Cir. 1997) ("Rule 408 does not require the exclusion of evidence regarding the settlement of a claim different from the one litigated, though admission of

3

such evidence may nonetheless implicate the same concerns of prejudice and deterrence of settlements which underlie Rule 408[.]" (citations omitted)); *cf. Armstrong v. HRB Royalty, Inc.*, 392 F. Supp. 2d 1304–05 (deeming "Rule 408 [to] unambiguously require[] that the claim as to which a settlement offer was made and the claim at issue in the litigation in which the offer is proffered as evidence . . . be the same claim" while humoring the notion that "claim" within the meaning of Rule 408 can be given a fairly expansive meaning in light of the "same transaction" standard); *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005) ("In deciding whether Rule 408 should be applied to exclude evidence, courts must consider the spirit and purpose of the rule and decide whether the need for the settlement evidence outweighs the potentially chilling effect on future settlement negotiations. The balance is especially likely to tip in favor of admitting evidence when the settlement communications at issue arise out of a dispute distinct from the one for which the evidence is being offered." (citations omitted)). Such courts have based their construction of Rule 408 in part on the language of the rule, which refers first to "a claim," and later to "the claim." *See, e.g., Armstrong*, 392 F. Supp. 2d at 1304. "In other words, use of the phrase 'the claim' limits the rule's application to the same claim as first anticipated by use of the phrase 'a claim.' And the phrase 'when offered to prove liability for, invalidity of, or amount of' qualifies the term 'a claim,' requiring that term to refer only to the claim under litigation in the pending case." *Ostrow v. GlobeCast Am. Inc.*, 825 F. Supp. 2d 1267, 1273 (S.D. Fla. 2011).

      Because Plaintiff's Title VII claim arose from the same operative set of facts as the instant claim, the Court shall adopt the position that Rule 408 bars the contemporaneous presentation of Plaintiff's Title VII settlement to the jury. Therefore, the Court shall examine the

4

Title VII settlement agreement itself and deduce the amount of lost wages that Plaintiff had received from that settlement.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Exclude Evidence (Doc. 100) be **DENIED** in part. Defendant is entitled to offset any overlapping award, the amount of which shall be determined by this Court.

This Order further notes the Court's rationale for denying Defendant's Motion to Amend (Doc. 85) via oral order on September 11, 2012.

Signed: September 17, 2012

Richard L. Voorhees
United States District Judge