IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:10-cv-00028-RLV-DSC

SHAWN SMITH, )
)
    Plaintiff, )
)
v. ) **MEMORANDUM AND ORDER**
)
WAVERLY PARTNERS, LLC, and )
ALLIEDBARTON SECURITY )
SERVICES, LLC, d/b/a HRPLUS, )
)
    Defendants. )
)

**THIS MATTER** is before the Court on Defendant Waverly's Motion for Judgment as a Matter of Law. (Doc. 120.)

At issue is whether Plaintiff, during the course of the trial, presented evidence that would permit a reasonable jury to find that Defendant Waverly breached the terms of their contract by initiating a background investigation that was not limited to Plaintiff's "past employment." *See Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002) ("The question [on a Rule 50(b) motion ]is whether a jury, viewing the evidence in the light most favorable to [the nonmovant], could have properly reached the conclusion reached by this jury."). In a prior Order granting in part and denying in part Defendant Waverly's Motion for Summary Judgment, this Court determined that Plaintiff had established a genuine issue of material fact as to her breach-of-contract claim in part because the language of the consent form, particularly the term "past employment," was susceptible to varying interpretations asserted by the parties. (Doc. 81 at 15–16.) Accordingly, consideration of extrinsic evidence regarding the term's meaning was permitted, and the interpretation of the term was a matter left for the jury. (*Contra* Doc. 132 at

2.) Defendant's efforts to resurrect arguments to the contrary, which had formerly been raised within its Motion for Summary Judgment, thus fall short. (*See* Doc. 121 at 10–14; Doc. 132 at 2–3.)

With regard to such extrinsic evidence, Plaintiff conceded in her trial testimony that the parties' agreement contemplated some contact with employees of The Cato Corporation, the company with which she was employed at the time Waverly began its background investigation, at least as personal references. (*See, e.g.*, Doc. 121-1 at 31–32, 34–35.) However, the jury was entitled to believe Plaintiff's assertions regarding a mutuality of understanding as to the confidentiality of the job-application process, vague though they were (*id.* at 29–30) (stating that after "explaining that [John Cato's discovery of her application] would not be a good career move for [Plaintiff] . . . , Mr. Turnbull . . . said . . . don't worry about it . . . [as] this is a confidential process"), affirmed to some extent by Defendant Waverly's instruction to Defendant AlliedBarton "[to u]se discretion" in conducting Plaintiff's background investigation (Doc. 129-4 at 3–7) (explaining that this selection, pursuant to company policy, permits only a verbal phone call to the current employer's human-resources department to verify the dates and positions of employment, and that it is not to be revealed that the call is for employment-related purposes).

Defendant Waverly further argues that AlliedBarton was not its agent but rather served only as an independent contractor. While an employee's commission of a tort while acting within the scope of employment can be imputed to the employer per the doctrine of respondeat superior, under North Carolina law, it is well settled that torts committed by an independent contractor are not so imputed. *Estate of Redding v. Welborn*, 612 S.E.2d 664, 668 (N.C. Ct. App. 2005); *see also Wiswall v. Brinson*, 32 N.C. (10 Ired.) 554, 564–68 (1849) (Ruffin, C.J., dissenting). However, here at issue is a breach-of-contract claim, and Defendant cannot avoid contractual

liability merely by utilizing an independent contractor in the course of performance where Defendant owed to Plaintiff a contract right of proper performance. *Cf.* Restatement (Second) of Contracts § 318 ("Unless the obligee agrees otherwise, neither delegation of performance nor a contract to assume the duty made with the obligor by the person delegated discharges any duty or liability of the delegating obligor.").

Additionally, in regard to Defendant's arguments that the damages were unforeseeable, the jury was entitled to credit Plaintiff's testimony that Defendant was provided with notice of potentially detrimental consequences to Plaintiff's career at The Cato Corporation and that Defendant recognized John Cato, Plaintiff's employer, "to be a very challenging personality." (Doc. 121-1 at 29.) It was therefore reasonable for the jury to find that Plaintiff's termination and loss of income were foreseeable consequences of Defendant's breach.

As a final matter, for the various reasons articulated above, Defendant's request for a new trial shall be denied.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion Pursuant to Rules 50(b) and 59 (Doc. 120) be **DENIED**.

Signed: October 17, 2013

Richard L. Voorhees
United States District Judge