**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.:  03:10CV00028**

SHAWN SMITH,

    Plaintiff,

          v.

WAVERLY PARTNERS, LLC, and
ALLIEDBARTON SECURITY SERVICES,
LLC d/b/a HRPLUS,

    Defendants.

<u>**ORDER ON MOTION FOR ENTRY
OF JUDGMENT**</u>

     **THIS MATTER** is before the Court on Plaintiff, Shawn Smith's ("Plaintiff"), Motion and Supporting Authority for Entry of Judgment pursuant to Federal Rule of Civil Procedure 58, filed July 31, 3013 (Doc. 133); Defendant, Waverly Partners, LLC's ("Defendant"), Response, filed August 12, 2013 (Doc 134); and Plaintiff's Reply, filed August 22, 2013 (Doc. 135.)

## A.  INTRODUCTION

     On September 17, 2012, Plaintiff's action for breach of contract against Defendant came on for trial. On September 19, 2012, the jury returned a verdict in favor of the Plaintiff and awarded $1,382,062.88 in damages. (Doc. 116.) Plaintiff now requests entry of judgment in the principal amount of $1,285,562.88 along with pre-judgment interest at the eight percent rate (N.C. Gen. Stat. 24-5) and post-judgment interest at the rate provided by 28 U.S.C. 1961. [1] (Doc. 133)

---

[1] The parties provide no explanation for the $96,500.00 difference between the verdict award ($1,382,062.88) and the amount requested by Plaintiff ($1,285,562.88).

Plaintiff states her method of calculation as follows:

> The principal amount for which Plaintiff seeks entry of judgment is $1,285,562.88. Applying the North Carolina statutory rate of eight percent (8%) to the principal amount of $1,285,562.88, the amount of pre-judgment interest from the date of breach of contract, December 5, 2007, until the date of this filing, July 31, 2013 is $581,849.28. This Court should, therefore, enter judgment against Waverly in the amount of $1,867,412.16, with additional accrual of interest in the amount of $281.77 per day through and including the date of this Court's entry of judgment.

(Doc. 133 at 2, ¶ 7.)

Defendant contends that Plaintiff is not entitled to pre-judgment interest because Plaintiff failed to request that the jury distinguish the principal from interest in its award. (Doc. 134 at 1.) Defendant also argues that it would be improper for the Plaintiff to recover accrued interest on the total damages amount beginning on December 5, 2007, the date of breach of contract, becuase these damages represent lost compensation that would not have been due in lump sum on this date. (*Id.*) Finally, Defendant agrees with Plaintiff that North Carolina law governs (N.C Gen Stat. § 24-5) and provides that the rate of interest after judgment is the "legal rate," which would be calculated according to 28 U.S.C. § 1961.[2] (*Id.*)

## B. ANALYSIS

Federal Courts exercising diversity jurisdiction apply the law of the forum state to determine the proper method of interest accrual on a judgment. *Miller v. Barnwell bros.*, 137 F.2d 257, 263-64 (4th Cir. 1943) (Fourth Circuit applied Section 2309 of the North Carolina Code of 1939 to determine proper interest rate and date of accrual on insurance assessment awarded.); *Marshall v. Bd. of Ed. of Baltimore Cnty.*, 470 F. Supp. 517, 519 (D. Md. 1979) *aff'd*

---

[2] Section 1961 provides: "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. (sic) the date of the judgment." 28 U.S.C. § 1961.

*sub nom. Marshall v. Bd. of Educ. of Baltimore Cnty.*, 618 F.2d 101 (4th Cir. 1980) (supporting grant of pre-judgment interest on award of back pay to prevent unjust enrichment of employer.)

## 1) Failure to Request Jury Instruction

Plaintiff will not be denied pre-judgment interest for failing to request submission of the issue of interest to the jury for determination. In *Dailey*, the North Carolina Court of Appeals held that N.C. Gen. Stat. § 24-5 requires submission of the issue of interest to the jury only in "those rare situations where *evidence as to both principal and interest* is submitted to the jury for consideration." *Dailey v. Integon Gen. Ins. Corp.*, 75 N.C. App. 387, 403, 331 S.E.2d 148, 159 (1985) (emphasis in original.) Here, no evidence was presented to the jury as to interest. Therefore, it would have been improper to submit the issue of interest to the jury. On the issues submitted, the jury returned an award of $1,382,062.88. This is the exact amount requested by Plaintiff's Trial Exhibit 22, which also lacks any reference to the issue of interest.

## 2) Pre-Judgment Interest Accrual

"In general, interest is the compensation allowed by law or fixed by the parties for the use, forbearance, or detention of money." *Thomas M. McInnis & Associates, Inc. v. Hall*, 318 N.C. 421, 431, 349 S.E.2d 552, 558 (1986). *Hartford Acc. & Indem. Co. v. U.S. Fire Ins. Co.*, 710 F. Supp. 164, 167 (E.D.N.C. 1989) *aff'd*, 918 F.2d 955 (4th Cir. 1990) (citing *Deans v. Layton*, 89 N.C. App. 358, 366 S.E.2d 560, 568 (1988).) North Carolina General Statute Section 24-5 provides: "[i]n an action for breach of contract . . . the amount awarded on the contract bears interest from the date of breach." N.C. Gen. Stat. § 24-5(a). In applying Section 24-5, the North Carolina Supreme Court has held that "[w]here the amount of damages for a breach of contract is ascertainable from the contract itself, the prevailing party is entitled as a matter of law to interest from the date of breach,"

Here, Plaintiff is entitled to interest because she has been awarded damages for breach of contract (Doc. 116 - Jury Verdict), and the damages are ascertainable from the contract itself. (Doc. 135, Ex. 1 - Plaintiff's Trial Exhibit 22 ("Smith Damages").) However, to award interest dating from December 5, 2007, on the entire figure would result in a windfall for the Plaintiff and would not serve the "[clear] purpose of the award of pre-judgment interest," which is to "compensate a worthy plaintiff for the loss of the use of money that he or she has incurred due to the wrongful acts of another party." *Hartford Acc. & Indem. Co.*, 710 F.Supp. at 167. The parties present the issue in absolute terms suggesting no alternative between Defendant's request to disallow pre-judgment interest entirely and Plaintiff's petition to award interest on the total amount ultimately accrued in increments beginning December 5, 2007.

In *Hyde v. Land-of-Sky Reg'l Council*, 572 F.2d 988, 993 (4th Cir. 1978), the Court addressed this issue:

> Here, Hyde claimed that he had an oral contract of employment which paid $1785 per month for a year. Ten months of the term remained at the time of the breach, and he therefore claimed damages of $17,850 plus interest. The jury returned a verdict of $17,150, apparently giving credit for $600 or $700 Hyde had earned.
>
> We do not think, as Hyde claims, that interest on the entire sum is due from the date of the breach, for interest would only have been payable on monthly salary payments as they became due.
>
> We are of opinion that on remand the district court must allow pre-judgment interest on each installment of salary from the date it would have been due, less outside earnings.

*Id.* at 993.

The Fourth Circuit's solution in *Hyde* is sound and directly applicable to the facts of the instant case.[3] As such, the parties are directed to propose a joint agreement as to the appropriate calculation deriving from Plaintiff's compensation schedule and the *Hyde* method of calculation.

---

[3] In this matter, there has been no evidence of "outside earnings," as there was in the *Hyde* case.

Prejudgment interest will be due from the date of each missed salary payment or other item of compensation, respectively, to the date of entry of judgment in this case, at eight percent simple interest, and thereafter on the amount of $1,285,562.88 at the rate established by 28 U.S.C. § 1961, until paid. The submission shall be filed with this Court within 10 days of entry of this order. If the parties are at odds, their respective proposals shall be filed within the same time frame.

**3) Post-Judgment Interest Rate**

Defendant's objection to the post-judgment interest rate is moot in light of Plaintiff's Reply brief conceding that the interest rate for post-judgment interest should be based on 28 U.S.C. § 1961. (Doc. 135 at 2.)

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Entry of Judgment" is **GRANTED** subject to the terms of this Order. The parties are directed to comply with the contents of this order.

Signed: July 7, 2014

Richard L. Voorhees
United States District Judge